Randall B. Bateman (USB 6482)
Sarah W. Matthews (USB 13295)
BATEMAN IP, P.C.
257 East 200 South, Suite 750
P.O. Box 1319
Salt Lake City, Utah 84110
Tel: (801) 533-0320/Fax: (801) 533-0323
Email: mail@batemanip.com, rbb@batemanip.com, sm@batemanip.com

Attorneys for Plaintiff,
*Action Target, Inc.*

---

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ACTION TARGET INC., a Delaware corporation, <br><br> Plaintiff, <br><br> vs. <br><br> DEREK WHITE, an individual; FUSION TARGETS, LLC, a Utah limited liability corporation; SRS, LLC; and DOES 1-5, <br><br> Defendants. | **COMPLAINT AND JURY DEMAND** <br><br><br> Case No. 2:15-cv-0218-EJF <br><br><br> Judge  Evelyn J. Furse |

Plaintiff Action Target Inc. ("Action Target"), hereby complain against Defendants, and

alleges as follows:

## PARTIES

1.     Plaintiff Action Target Inc., ("Action Target") is a Delaware corporation having a principal place of business in Provo, Utah.

2.     Defendant Derek White ("White") is an individual who, on information and belief, has a residence in Riverton, Utah.

3.     Upon information and belief, Defendant Fusion Targets, LLC ("Fusion Targets") is a Utah limited liability company having a business address in Orem, Utah.

4.     Upon Information and belief, Defendant SRS, LLC ("SRS") is a Utah limited liability company having a business address in Orem, Utah.

5.     Upon information and belief, White is the sole manager of Fusion Targets and SRS and each of the above-identified Defendants is the alter ego of the others.

6.     On information and belief, Does 1-5 are individuals or entities which have engaged in conduct described herein whose identities are not currently known to Plaintiff.

## JURISDICTION AND VENUE

7.     This action arises under the patent laws of the United States, 35 U.S.C. §§ 271 (patent infringement), 284 (willful patent infringement), and 283 (injunctive relief for patent infringement); under the false designation of origin and unfair competition provisions under 15 U.S.C. § 1125(a); and also for related causes of action under Utah state law, including trademark infringement, unfair competition, and unfair trade practices, and misappropriation. This Court

has jurisdiction over the patent and unfair competition claims under 28 U.S.C. §§ 1331 and 1338(a), and jurisdiction over the Utah state law claims under § 1367 because this case arises under the patent and trademark laws of the United States and because Plaintiff's state law claims are sufficiently related thereto.

8.     Venue is proper in this district by virtue of 28 U.S.C. §§ 1391 and 1400 because, on information and belief, Defendants' acts of infringement and unfair competition took place and, on information and belief, are taking place within this jurisdiction and because Defendants either reside in this District, can be found in this District or are otherwise subject to personal jurisdiction in this District.

## **GENERAL ALLEGATIONS**

### **Action Target's Asserted Intellectual Property**

9.     Plaintiff Action Target specializes in the design and manufacture of bullet traps, shooting range targets, and other firearm range supplies. Action Target was established in 1986, and since then has sold its products throughout the United States and in several foreign countries.

10.     Action Target's customers include federal, state and local governments, as well as private shooting ranges.

11.     Action Target has spent substantial amounts of time and money in developing and commercializing their bullet traps, targets, retrievers and other shooting range supplies to improve training and safety in the use of firearms.

3

12.    Action Target has revolutionized the shooting range industry by introducing many popular new pieces of range equipment, such as open throat and modular bullet traps, improved retrievers and ventilation systems to reduce lead dust in indoor shooting ranges.  Because of their innovation and distinctive design, Action Target's products have been well-received in the marketplace and Action Target is considered the leader in the industry.

13.    Action Target's innovative achievements have resulted in significant intellectual property protection, including approximately 50 patents, as well as trademarks customers associate with the high quality goods Action Target manufactures and sells.

14.    Action Target has expended substantial time and resources building recognition in its ACTION TARGET and MANCOM branded products, including its retrievers.

15.    Action Target's ACTION TARGET and MANCOM branded retrievers have received wide recognition in the industry.

16.    Action Target also continues to develop new products for the shooting range industry.

17.    On September 22, 1998, the United States Patent and Trademark Office issued U.S. Patent No. 5,811,718, entitled "Bullet Stop and Contaminant Chamber with Airborne Contaminant Removal." The sole inventor is Kyle Bateman, and the assignee of the entire interest in the patent is Action Target.  A true and correct copy of the '718 Patent is attached hereto as Exhibit A and expressly incorporated herein.

18.    Action Target owns all right, title, and interest in the '718 Patent. Action Target manufactures and sells bullet stop and containment chambers in accordance with the principles

described in the '718 Patent. Action Target does not license the patent or grant any other rights to others to practice the claims of the patent.

19.    The scope of the claims of the '718 Patent cover bullet containment devices used to stop bullets and remove airborne particulate matter via negative air pressure and filtration.

20.    The '718 Patent is valid and enforceable.

**Defendants' Misuse of Action Target's Patent, Trademarks, and Confidential Information**

21.    In order to install its products in facilities around the United States and in foreign countries, Action Target hires subcontractors who are specially trained in the installation of Action Target's products.

22.    Because Action Target's subcontractors must work closely with Action Target's proprietary technology and its customers, subcontractors are required to enter into agreements with Action Target containing non-disclosure, non-solicitation, and non-compete provisions as a condition of being retained by Action Target.

23.    On or around the 22nd of January, 2009, SRS, LLC entered into an Independent Contractor Agreement with Action Target which had non-disclosure, non-solicitation, and non-compete provisions.  The Independent Contractor Agreement was signed by White or someone acting on White's behalf.

24.    Despite the contractual provisions barring SRS and White from competing with Action Target, on or around March 29th, 2012, White established Fusion Targets to compete with Action Target while White was providing services on behalf of Action Target.

5

25.   Fusion Targets is a direct competitor of Action Target and makes shooting range equipment and the like, including a bullet stop and containment chamber that infringes Action Target's '718 Patent.

26.   Defendants have infringed and, on information and belief, continue to infringe, directly, contributorily, and/or through the inducement of others, by manufacturing, selling, offering for sale, and/or importing bullet stop and containment chambers that come within the scope of one or more claims of the '718 Patent thereby infringing the '718 Patent, including at least independent claim 1 of the '718 Patent, without authority or license from Plaintiffs.   Screenshots of Defendants' websites showing infringing bullet stop and containment chambers are attached hereto as Exhibit B.

27.   Defendants' infringing bullet stop and containment chambers in the United States interfere with the ability of Action Target to sell and offer for sale in the United States market for bullet stop and containment chambers.

28.   Additionally, Defendants use ACTION TARGET or MANCOM branded Action Target products in the shooting ranges they build for others.

29.   Action Target has spent substantial sums developing its ACTION TARGET and MANCOM branded retrievers and its retrievers are recognized throughout the industry.

30.   In an effort to mislead the public, Defendants have removed Action Target's trademarks from the retrievers installed on the shooting ranges which they have built.

31.   In Defendants' advertising material, Defendants display ACTION TARGET and/or MANCOM branded retrievers, but have covered or removed the labeling so conceal the fact that the products originate with Action Target.

32.   Defendants' covering or removal of the ACTION TARGET and MANCOM trademarks from the retrievers gives consumers a false impression that the retrievers are designed and made by Defendants.  (See Exhibit C, Screenshots of fusiontargets.com showing photos of ACTION TARGET retrievers).

33.   Defendants are not authorized to remove the ACTION TARGET or MANCOM trademarks from Action Targets' products.

34.   Defendants' removal of Action Target's trademarks in connection with the Fusion Targets Goods and Services is likely to cause confusion, mistake, or deception of purchasers regarding the source of origin of the Action Target's products.

35.   Defendants' infringement has been willful and deliberate, designed specifically to confuse the public as to the manufacturer of the retrievers used on its shooting ranges.

36.   Additionally, Action Target continues to develop new products.

37.   Some of these products have not yet been released to the public and have never been shown outside of Action Target's facilities.

38.   Despite the lack of public release, Defendants have conspired with employees of Action Target obtain photographs and production details of products Action Target was developing.

39.   Defendants have used photographs of products which are in Action Target's Research and Development laboratory and which have not been publicly displayed in its advertising.  (See

Exhibit D, photo of Fusion Target's display, showing products inside Action Target's Research and Development Laboratory, at Provo Outdoor Expo, February 20, 2015).

40.    Additionally, Action Target has worked with suppliers to develop new products.

41.    For example, Action Target has been developing a new flame retardant for rubber bullet traps with Flame Seal Products, Inc. of Houston, Texas.

42.    Action Target has not publically released the new flame retardant.

43.    Recently Defendants contacted Flame Seal Products and asked about purchasing the new flame retardant.

44.    Had Defendants not been gathering information from people who have a duty not to disclose such information, Defendants would have never known about the new fire retardant or about other products in Action Target's research and development laboratory.

## FIRST CLAIM FOR RELIEF

### DIRECT PATENT INFRINGEMENT 35 U.S.C. § 271(a)

45.    Plaintiffs incorporate herein each and every allegation of the paragraphs above as if fully set forth herein and further allege as follows:

46.    The '718 Patent has at all times subsequent to its issue date been valid and fully enforceable.

47.    Plaintiff Action Target is the owner and exclusive assignee of the '718 Patent.

48.    On information and belief, Defendants make, use, sell, offer for sale, and/or

import infringing bullet stop and containment chambers that come within the scope of one or more claims of the '718 Patent.

49.   On information and belief, Defendants make, use, sell, offer for sale, and/or import infringing bullet stop and containment chambers that come within a range of equivalents of the claims of the '718 Patent.

50.   All making, using, selling, sale offerings, and/or importing of infringing bullet stop and containments chambers by Defendants has been without authority or license from Plaintiff and in violation of Plaintiff's rights, thereby infringing the '718 Patent.

51.   The amount of money damages which Plaintiff has suffered due to Defendants' acts of infringement cannot be determined without an accounting, but Plaintiff is entitled to at least a reasonable royalty for all Infringing Products made, used, sold, offered for sale, and/or imported by Defendants.

52.   Further, harm to Plaintiff arising from Defendants' acts of infringement is not fully compensable by money damages. Rather, Plaintiff has suffered, and continues to suffer, irreparable harm for which there is no adequate remedy at law and which will continue until Defendants' conduct is enjoined.


### SECOND CLAIM FOR RELIEF

### INDUCEMENT OF PATENT INFRINGEMENT 35 U.S.C. § 271(b)

53.   Plaintiff incorporates herein each and every allegation of the paragraphs above as if fully set forth herein and further allege as follows:

54.   On information and belief, Defendants have actively induced, and are now inducing others to use infringing bullet stop and containment chambers that come within the scope of one or more claims of the '718 Patent.

55.   On information and belief, the Defendants have induced others to use infringing bullet stop and containment chambers in violation of Plaintiff's rights under the '718 Patent.

56.   Defendants are aware of the '718 patent and have induced infringement in deliberate disregard for the rights of Plaintiff.

57.   On information and belief, Defendants have unlawfully derived, and continue to unlawfully derive income and profits by inducing others to infringe the '718 Patent.

58.   Plaintiff has suffered and continues to suffer damages as a result of Defendants' inducement to infringe the '718 Patent.

59.   The amount of money damages which Plaintiff has suffered due to Defendants inducing others to infringe the '718 Patent cannot be determined without an accounting, but Plaintiff is entitled to at least a reasonable royalty.

60.   On information and belief, Plaintiff has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law because of Defendants' inducement of others to make and use products that infringe the '718 Patent, and will continue to be harmed unless Defendants are enjoined from further acts of inducement.

**THIRD CLAIM FOR RELIEF**

**WILLFUL PATENT INFRINGEMENT 35 U.S.C. § 284**

10

61.    Plaintiff incorporates herein each and every allegation of the paragraphs above as if fully set forth herein and further alleges as follows:

62.    Defendants are aware of the '718 Patent due to at least the previous work on installations done by Defendants working as independent contractors for Plaintiff.

63.    Despite being aware of Action Target's patent rights, Defendants continue to make, use, sell, and offer for sale infringing bullet stop and containment chambers, and/or induce infringement of the '718 Patent.

64.    On information and belief, Defendants knew or should have known their acts infringed the '718 Patent.

65.    On information and belief, Defendants have disregarded Plaintiff's rights in the '718 Patent and continue to make, use, sell, and offer for sale infringing bullet stop and containment chambers, and/or induce others to use infringing bullet stop and containment chambers without authority or license from Plaintiff.

66.    Defendants' willful infringement of the '718 Patent makes this an exceptional case, entitling Plaintiff to receive treble damages and its reasonable attorneys' fees.


**FOURTH CLAIM FOR RELIEF**

**INJUNCTIVE RELIEF FOR PATENT INFRINGEMENT UNDER 35 U.S.C. § 283**

67.    Plaintiff incorporates herein each and every allegation of the paragraphs above as if fully set forth herein and further alleges as follows:

68.    As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer irreparable harm, including loss of goodwill and the loss of customers.

69.    Moreover, Defendants' actions have interfered with Plaintiff's ability to sell in the United States market, and will continue to cause irreparable injury unless enjoined.

70.    The injury to Plaintiff outweighs the harm an injunction may cause to Defendants.

71.    The order and injunction will not be adverse to the public interest.

72.    There is a substantial likelihood that Plaintiff will prevail on the merits of the underlying claims, because the infringing bullet stop and containment chambers meet each element of at least one claim of the '718 Patent and the '718 Patent is valid and enforceable, and because Defendants have used the Action Target Marks in a manner to confuse, cause mistake, or deceive as to the origin, sponsorship, or approval of the Fusion Targets goods and services with Action Target.

## FIFTH CLAIM FOR RELIEF

### UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, AND FALSE ADVERTISING UNDER 15 U.S.C. § 1125

73.    The allegations of the foregoing Paragraphs are incorporated herein by reference.

74.    Defendants have used and continue to use in commerce products manufactured by Action Target.

75.    Defendants have removed the ACTION TARGET and MANCOM trademarks from the Action Target products which Defendants have used.

76.    Defendants have advertised its services by showing shooting ranges it has built using Action Target products, but removed the Action Target trademarks so as to mislead the public into believing that Defendants are the source of the shooting range equipment made by Action Target.

77.    Defendants have knowingly used and continue to misrepresent the source of good obtained from Action Target, in connection with the goods and services that the Defendants manufacture, advertise, promote, and sell.

78.    Defendants' false designation of origin of Action Target's products is likely to cause consumer confusion.

79.    Action Target continues to be harmed by the Defendant's false designation of origin.

80.    Defendants' actions as alleged above is likely to confuse, mislead, or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of Action Target's products with Defendants.

81.    Defendants' acts constitute false and misleading descriptions of fact, false advertising, and false designations of the origin and/or sponsorship of the Fusion Targets Goods and Services, in violation of 15 U.S.C. § 1125(a).

82.    By reason of Defendants' actions, Action Target has suffered and continues to suffer irreparable harm as Defendants mislead the public into believing that Defendants are the source of Action Target's products.  Unless Defendants are restrained from their actions, Action Target will continue to be irreparably harmed.

83.   Action Target has no remedy at law that will compensate it for the continued and irreparable harm that will be caused if Defendants' acts are allowed to continue.

84.   As a direct and proximate result of Defendants' conduct, Action Target has suffered damages to the valuable Action Target Marks and associated goodwill, and other damages in an amount to be proved at trial.

## SIXTH CLAIM FOR RELIEF

### UNFAIR COMPETITION – UTAH COMMON LAW

85.   Action Target incorporates the allegations of the paragraphs above, as if the same were fully set forth herein.

86.   Defendants have removed Action Target's trademarks from products produced by Action Target in an effort to mislead the public into believing that Defendants are the source of those products.

87.   Additionally Defendants have conspired with employees of Action Target to obtain advanced information about Action Target's products which have not been publicly disclosed, and Defendants have released photographs of products made by Action Target to the public before they have been released by Action Target.

88.   Fusion Target's actions constitute unfair competition under Utah common law.

89.   Fusion Target's tortious actions have caused, and continue to cause, Action Target to sustain monetary losses, and other damages and injury, in an amount to be determined at the time of trial.

14

90.   Fusion Target's actions were done knowingly, willfully, with actual malice, and in bad faith, so as to justify the assessment of increased, exemplary and punitive damages against Defendants, in an amount to be determined at the time of trial.

## SEVENTH CLAIM FOR RELIEF

## UNFAIR METHODS OF TRADE UNDER UTAH UNFAIR PRACTICES ACT, UTAH CODE ANN. § 13-5-1, *et seq*.

91.   Action Target incorporates the allegations of the above paragraphs, as if the same were fully set forth herein.

92.   Defendants have conspired with employees of Action Target to obtain advanced information about Action Target's products which have not been publicly disclosed and have released photographs of products made by Action Target to the public before they have been released by Action Target.

93.   Defendants have also removed Action Target's trademarks from products produced by Action Target in an effort to mislead the public as to the source of those goods.

94.   Defendant's actions constitute unfair methods of competition in commerce or trade, including because they offend public policy; they are immoral, unethical, oppressive, and/or unscrupulous; and/or they cause substantial injury to consumers.

95.   Defendant's tortious actions have caused, and continue to cause, Action Target to sustain monetary losses, and other damages and injury, in an amount to be determined at trial.

15

96.    Defendant's actions were done knowingly, willfully, with actual malice, and in bad faith, so as to justify the assessment of increased, exemplary and punitive damages against Defendants, in an amount to be determined at the time of trial.

97.    Action Target is entitled to recover three times the amount of actual damages sustained, or $2,000, whichever is greater, plus court costs.

98.    Defendants' tortious actions have caused, and unless enjoined by this Court will continue to cause, irreparable damage, loss, and injury to Action Target for which Action Target have no adequate remedy at law.

99.    Action Target is entitled to injunctive relief under Utah Code Ann. § 13-5-14.


## EIGHTH CLAIM FOR RELIEF

### UNFAIR COMPETITION
**UNDER UTAH UNFAIR COMPETITION ACT, UTAH CODE ANN. § 13-5(a)-101, et seq.**

100.    Action Target incorporates the allegations of the paragraphs above, as if the same were fully set forth herein.

101.    Defendants' actions constitute an intentional business act and practice that is unlawful, unfair, and fraudulent, and has led to a material diminution in value of Action Target' intellectual property.

102.    Pursuant to Utah Code Ann. § 13-5a-103, Action Target is entitled to actual damages, costs and attorney fees, and punitive damages.


## NINTH CLAIM FOR RELIEF

## MISAPPROPRIATION OF TRADE SECRETS
## UTAH UNIFORM TRADE SECRETS ACT, UTAH CODE ANN. § 13-24-1, et seq.

103.  Action Target incorporates the allegations of the paragraphs above, as if the same were fully set forth herein.

104.  Defendants have obtained information about products being developed by Action Target through improper means.

105.  Defendants knew or had reason to know that they should not be obtaining information about Action Target products which have not yet been released to the public.

106.  Defendants have disclosed information regarding Action Target's products to the public without the express or implied consent of Action Target.

107.  Action Target's employees and/or contractors had a duty to maintain as confidential information about products Action Target was developing.

108.  Action Target's research and development, including products under development, has independent economic value from not being generally known or ascertainable by proper mans.

109.  Action Target has taken reasonable efforts to maintain the information as confidential.

110.  Defendants' actions were done knowingly, willfully, with actual malice, and in bad faith, so as to justify the assessment of increased, exemplary and punitive damages against Defendants, in an amount to be determined at the time of trial.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for an Order, Judgment, and Injunction as follows:

A.       On each of the Claims for Relief, for a judgment in favor of Plaintiffs and against Defendants, including an award of damages and injunctive relief as determined at trial or by the Court, including punitive or other exemplary damages, along with additional interest, costs, and attorney fees.

B.       Judgment that United States Patent No. 5,982,718 is valid and infringed by Defendants, and

     i.       For damages for patent infringement in an amount to be determined at trial, such damages being not less than a reasonable royalty;

     ii.       That Defendants, their agents, servants, employees, directors, and those persons in active concert or participation with them, individually and/or jointly, be enjoined under 35 U.S.C. §283 from further violation of Plaintiffs' patent rights or such terms as the Court deems reasonable, including, without limitation, that Defendants cease making, selling, offering for sell, or distributing the infringing bullet stop and containment chambers and any other products which infringe the '718 Patent;

     iii.       That Defendants be ordered to file with this Court and serve on Plaintiffs within 30 days after service on Defendants of the injunction granted herein, or such extended period as the Court may direct, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction and order of the Court;

     iv.       That Defendants be ordered to pay Plaintiffs' attorneys' fees and costs and disbursements for this action under 35 U.S.C. §285; and

   v. That Defendants be required to pay pre-judgment and post-judgment interest until such awards are paid.

  C.  That Defendants cease using all marketing or advertising materials using Action Target products which have had Action Target's trademarks removed.

  D.  That Defendants cease using all marketing or advertising materials using Action Target products which have not been publicly disclosed.

  E.  That Defendants be barred from obtaining information about unreleased Action Target products from Action Target employees and contractors.

  F.  That Defendants recall all labels, signs, prints, packages, advertisements, promotional and/or marketing materials that reflect the infringing bullet stop and containment chambers.

  G.  That Defendants place a corrective statement in each venue, and through each form of media, where Defendants made or promulgated advertisements reflecting the infringing bullet stop and containment chambers.

  H.  That Defendants provide a copy of the Order of this Court to all consumers identified through reasonable efforts who received infringing bullet stop and containment chambers.

  I.  That the Court find Defendants' conduct as willful infringement of the '718 Patent and make this an exceptional case, entitling Plaintiff to receive treble damages and its reasonable attorneys' fees.

J.      A determination that Defendants violated 15 U.S.C. §§ 1125(a), (c), that Action Target has been damaged by such violations, and that Defendants are liable to Action Target for such violations;

K.      A determination that this case is "exceptional" in the sense of 15 U.S.C. § 1117(a);

L.      Under all claims for relief, that an injunction be temporarily, preliminarily, and permanently issued enjoining Defendants and their officers, employees, agents, successors and assigns, and all those in active concert and participation with them, and each of them who receives notice directly or otherwise of such injunctions, from imitating, copying, or making any unauthorized use of the Action Target Marks, or marks likely to cause confusion with them, including but not limited to the Action Target Marks;

M.      An Order permitting Action Target, and/or auditors of Action Target, to audit and inspect the books, records, and premises of the Defendants and related entities for a period of six (6) months after entry of final relief in this matter, to determine the scope of the Defendants' past use of Action Target's intellectual property, including all manufacturing, distribution, and sales of Action Target products, as well as the Defendants' compliance with the orders of this Court;

N.      An award of Action Target's damages trebled or, alternatively, an award of Defendants' wrongful profits trebled, whichever is greater, plus Action Target's costs and attorney's fees, pursuant to 15 U.S.C. § 1117;

O.      Plaintiffs further pray for all other damages to which it is entitled for any of their claims, including without limitation actual damages, exemplary damages, consequential damages,

incidental damages, punitive damages, lost profits, and damages for intangible injuries as this Court deems to be just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all claims for relief and all issues so triable.

DATED: March 31, 2015.

BATEMAN IP, P.C.

By: /s/Randall B. Bateman
        Randall B. Bateman
        Sarah W. Matthews

Attorneys for Plaintiff,
*Action Target, Inc.*